46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ruben HYMAN, Petitioner-Appellant,
v.
George DEEDS, et al., Respondents-Appellees.
 No. 94-15546.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge; HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ruben Hyman, a Nevada state prisoner, appeals pro se the district court's dismissal of his petition for a writ of habeas corpus. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo a district court's denial of habeas relief. James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994). We affirm.
 
 
 3
 Hyman was convicted, following a jury trial, of trafficking in and possession of a controlled substance. He contends he received ineffective assistance of trial counsel and was denied his Sixth Amendment right to confront witnesses.
 
 
 4
 A state prisoner must exhaust available state remedies before a federal court will court will consider claims presented in federal habeas proceedings. Rose v. Lundy, 455 U.S. 509; 510 (1982). Exhaustion requires more than notice; the petitioner must have afforded the state "a full and fair opportunity to resolve the claim on the merits." Keeney v. Tamayo-Reyes, 112 S. Ct. 1715, 1720 (1992); see also Henry v. Estelle, 33 F.3d at 1037, 1040 (9th Cir. 1994) (per curiam), petition for cert. filed, 63 U.S.L.W. 3462 (Nov. 17, 1994).
 
 
 5
 Where a federal habeas petition contains both exhausted and unexhausted claims, a district court should first give petitioner the option of returning to state court to exhaust his claims or amending his petition to present only exhausted claims. Rose, 455 U.S. at 510. A district court must dismiss without prejudice a habeas petition containing both exhausted and unexhausted claims. Id. at 522; James, 24 F.3d at 24.
 
 
 6
 Here, respondents filed a motion to dismiss Hyman's petition on the ground, inter alia, that Hyman's Confrontation Clause claim has not been exhausted. Hyman filed a response indicating that he had exhausted his Confrontation Clause claim. In support of his argument, he submitted a copy of a supplemental brief he had submitted to the Nevada Supreme Court in support of his appeal from the denial of his state habeas petition. We have reviewed that document as well as the other documents Hyman submitted to the Nevada Supreme Court and conclude that Hyman failed to fairly present the Confrontation Clause claim to the Nevada Supreme Court. See Tamayo-Reyes, 112 S.Ct. at 1720; Picard, 404 U.S. at 277-78.
 
 
 7
 Because Hyman's habeas petition contained an unexhausted claim, the district court properly dismissed the petition without prejudice. See Rose, 455 U.S. at 522; James, 24 F.3d at 24.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3